MARY FRAKER *v.* G. P. FRAKER *et als.*

1. WILL. *Intention of testator to govern. When.* In construing and performing the provisions of a will, the intention of the testator, as clearly ascertained by his language, must prevail, if in doing so no rule of law or public policy be violated, due regard being had to the precedents establishing the estates taken by beneficiaries under a will, as well in extent and quality as in the mode of enjoyment.

2. SAME. *Life tenant. Perishable property. Rule as to.* Generally, a life interest in perishable property remainder over entitles the life-tenant to the interest on the fund derived from the sale of the property so long as his estate lasts, and when it ceases it goes to the remainderman. But when the testator indicates that the life-tenant should enjoy the property in specie, the remainder-man is only entitled to what is left when the life estate falls.

Cases cited: Woods *v.* Sullivan, 1 Swan, 506; Forsy and Wife *v.* Luton, 2 Head, 185-6-7.

3. SAME. *Construed.* A clause in a testator's will provided as follows: "The residue of my estate, real and personal, I give, bequeath, and dispose of as follows, to-wit: To my beloved wife Mary, the land and appurtenances situated thereon, known and described as the lot on which I now reside, in the town of R., in the County of Greene, etc., together with thirteen shares of capital stock that I have in the E. & V. R. R., all loaned money, and all live stock, with what money I now have in my possession, now possessed by me, during the term of her natural life, or remains my widow; but in the event her relation

Fraker *v.* Fraker.

in life should become changed by marriage, she is to have all household property, and all notes that are executed in her name and after her death, or in the event of her marriage, the remainder of my estate to be devided equally among my heirs, etc., *Held,* that the widow is entitled to the occupancy and use of the realty and its appurtenances, the possession and use of the live stock, with absolute property in the profits of its use and its products and increase, if any, to the interest on all loaned money and dividends on stock; but in the event of marriage she is to retain the household property and notes taken in her name for the produce of property sold, or for money loaned out of dividends and interest collected during widowhood.

### FROM GREENE.

Appeal from a decree of the Chancery Court at Greeneville, rendered at its May Term, 1873. Hon. H. C. SMITH, presiding.

McKEE for complainant.

No brief for respondent.

FREEMAN, J., delivered the opinion of the court.

This bill is filed by the widow against the executor of her husband, to have her rights declared under her husband's will. On the part of the widow it is claimed that she is absolutely entitled to the property given to her in the will, and on the part of the executor it is insisted she is only entitled to a support out of its proceeds, or the use of it at most.

The clause of the will to be construed is as follows: After providing for payment of his debts, testator says: "The residue of my estate, real and personal,

I give, bequeath, and dispose of as follows, to-wit: to my beloved wife, Mary Fraker, the land and appurtenances situated thereon, known and described as the lot on which I now reside, in the town of Rheatown, in the county of Greene, and State of Tennessee, together with thirteen shares of capital stock that I have in the East Tennessee and Virginia Railroad, all loaned money, and all live stock, with what money I now have in my possession, now possessed by me, during the term of her natural life, or remains my widow; but in the event her relation in life should become changed by marriage, she is to have all household property, and all notes that are executed in her name, and after her death, or in the event of her marriage, the remainder of my estate to be divided equally among my heirs," etc.

It is well said by Lord Selborne, the present Chancellor of England, in the case of *Wait* v. *Littlewood*, 4 English R., 762, that "there can be nothing more certain than that any will is to be construed by itself, not with reference to other wills, and all the light that can be got from other decisions serves only to show in what manner the principles of reasonable construction have, by judges of high authority, been applied in cases more or less similar," and we may add, that in the application of all rules, the great leading idea is, and should be, to arrive at the actual intention of the testator, and carry that out, unless in violation of some rule of law or public policy. Yet, where a rule of law has been established by precedents of authority, which settles what is the estate taken by

beneficiaries under a will, and the mode of enjoyment, it is proper to follow this rule, in order to give certainty in settling what are the rights of parties in such cases, being careful, however, that we do not strain precedent so as to defeat the real intention of the testator, as far as clearly ascertained from his language.

It is settled by repeated decisions in this State, that in general, where perishable property is given to one for life, such as the produce of a farm, horses, cattle, etc, with remainder to another, it is the duty of the executor to sell the property and vest the fund, the interest of which only will belong to the person entitled to the life estate, and when that shall fall in, the entire fund is to go to the remainder-man. See *Woods* v. *Sullivan*, 1 Swan, 506; *Forsy and Wife* v. *Luton*, 2 Head, 185-6-7.   Yet it is equally well settled, that where the will indicates the intention of the testator that the tenant for life should enjoy the property in specie, no such sale can be made, and the remainder-man is entitled only to such part of the property originally given, as may remain after the life shall fail.   See cases cited above.

We think it clear, beyond all question, that the widow takes only a life estate, with no power of disposition of the property inconsistent with such an estate.   We think there is no clear intention that the wife should possess in specie all this property, nor is all perishable property under the rule.   His intention in this respect must be arrived at from the nature of the property, and the mode in which the same may be enjoyed by a life-tenant so as not to defeat the

remainder-man of their rights. As to the house and lot, we think it was the intention of the testator that the wife should occupy this, as in other cases of life tenancy, together with its appurtenances, by which he meant the household and kitchen furniture, and property of like kind on the place; and as to the live stock, that she should keep possession of it, and use it, being entitled to the profits, if any, from its use, and its product or increase, if any; that as to the money, railroad stock, money loaned out, his intention was that she should have the proceeds for a support during her life, or widowhood, taking the dividend of the stock, and interest on the money, for her support, and should she marry, then she is to have all household property and notes taken during her widowhood in her name. The first provision—as to household property—shows that it was intended to be kept in specie. The second, in reference to notes taken in her name, refers to such notes as might be given her for produce of property sold, or for money loaned, arising from dividends in railroad stock, and interest on money by her received, of which he may have contemplated the possibility, at least, of a surplus over and above a support for her, as he seems to have left no inconsiderable estate.

This construction, we think, effectuates the intention of the testator as to the life-tenant, and secures the rights of the remainder-man.

This case has no feature in it such as is found in the case of *Smith* v. *Bell,* and other cases of like kind, where there is a power of disposition, or, as in

Fraker *v.* Fraker.

the language of that case, "for her own use and bene-
fit and disposal absolutely." In such case, the abso-
lute power of disposition is inconsistent with the pres-
ervation of the remainder, and the latter is void. See
Martin & Yerger, Cooper's Edition, 302, and cases
cited.

Under the statements and the prayer of this bill
the executor will be required to give security for the
payment of the interest on the money of the estate,
whether it was on hand at death of testator, or derived
from assets collected, and for payment of dividends
derived from railroad stock, and the case will be re-
manded to the Chancery Court for proper accounts to
be taken, and be retained in court to see that the
widow shall receive what she is herein held entitled to.

The complainant will pay one half the costs of
this court, and balance be paid out of the funds of
the estate by the executors.